## TAYLOR v. COOK, OVERSEER.

If summons is left agreeably to the directions of the party, he cannot take advantage of its not being left at the place of his usual abode.

*Certiorari* to Justice Lloyd.

The summons was left at the place where the defendant had told the justice he resided, and directed him to have any summons which might issue against him served. On a *certiorari* removing a judgment by default, the court refused to reverse the judgment, because the summons in fact was not served at the defendant's usual and real place of abode.

## MORROW AND CONKLIN v. NEWMAN.

The jurisdiction of a judge of the pleas extends to the constable only on the act of June, 1787, and not to his surety.

*Certiorari* to Judge Symns.

By an act passed the 5th of June, 1787, constables, for certain delinquencies, are liable to a summary prosecution before a judge of the pleas. The constable, Morrow, had given a surety, and the collector prosecuted both the constable and surety on this act.

PER CUR. On this act, the judge has only jurisdiction over the officer, and not his surety.

Judgment reversed.